**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| GLEN WILSON, | ) | |
| | ) | CIVIL ACTION NO. 9:15-1213-BHH-BM |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN ROBERT M. STEVENSON, III, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 11, 2015.[1]

The Respondent filed a return and motion for summary judgment on June 30, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 1, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on August 3, 2015.

This matter is now before the Court for disposition.[2]

[1]Since the delivery date to the prison mail room does not appear on the envelope, the Court has used the date on the petition as the filing date. Cf. Houston v. Lack, 487 U.S. 266 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in Williamsburg County in October 2005 for murder, assault and battery with intent to kill ("ABWIK"), possession of a firearm during a violent crime, armed robbery, criminal conspiracy, and possession of a firearm by a convicted felon [Indictment No. 05-GS-45-0181]. (R.pp.352-354); see also Court Docket No. 17-3, pp. 1-3. Petitioner was represented by C. Reuben Goude, Esquire. After a jury trial on February 5-7, 2007, Petitioner was found guilty as charged. (R.pp. 1-343)[3]. Petitioner was sentenced to thirty (30) years for murder; twenty (20) years, consecutive, for ABWIK; five (5) years, consecutive, for possession of a firearm during a violent crime; thirty (30) years, consecutive, for armed robbery; and five (5) years, consecutive, for criminal conspiracy. (R.p. 350); see also Court Docket No. 17-3, pp. 4-8.

Petitioner filed a timely appeal on which he was represented by Chief Appellate Defender Joseph Savitz, III. Savitz filed an Anders[4] brief requesting to be relieved as counsel and raising the following issue:

> The trial judge committed reversible error by allowing the surviving victim to testify that [Petitioner] was "playing his rough role . . . like he's done it before," as this testimony tended to place [Petitioner's] character in issue in violation of *Rules 403 and 404, SCRE.*

See Court Docket No. 17-5, p. 4 [Emphasis in Original].

---

[3]Petitioner was convicted of the first five (5) counts of the Indictment. The charge of possession of a firearm by a convicted felon was not presented to the jury. (R.pp. 338-339).

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



On September 9, 2009, the South Carolina Court of Appeals filed an Order dismissing the appeal and granting counsel's petition to be relieved. State v. Glen Wilson, 2009-UP-433 (S.C.Ct.App. Sept. 9, 2009). See Court Docket No. 17-6. The Remittitur was sent to the Williamsburg County Clerk of Court on September 25, 2009. See Court Docket No. 17-7.

On November 24, 2009, Petitioner filed a pro se application for post-conviction relief ("APCR") in state circuit court. See Wilson v. State of South Carolina, No. 2009-CP-45-0405. (R.pp. 356-361). Petitioner did not set forth any specific ineffective assistance of trial and/or appellate counsel claim in this APCR. See Petition, at ¶ 9. Rather, Petitioner stated in the "relief" section of the Petition that he was seeking relief "[d]ue to imposition of sentence I seek relief due to insufficiency of [the] evidence. A new trial, reversible error due to the fact that Judge allowed victim to violate my character according to Rules 403 & 404, SCRE." (R.p. 360).[5] Petitioner was represented in his APCR by Charles Brooks, III, Esquire, and an evidentiary hearing was held on Petitioner's application on March 20, 2012. (R.pp. 367-396). At the hearing, Petitioner pursued the following ineffective assistance of counsel claims: (1) trial counsel was ineffective for failing to conduct a reasonable investigation "of the ballistics and the evidence that was used against me in trial;" and (2) trial counsel was ineffective for not objecting to evidence of a prior bad act by Petitioner. (R.pp. 371-372). In an order dated May 16, 2012 (filed on May 30, 2012), the PCR judge denied relief on the APCR in its entirety. (R.pp. 397-405); see also Court Docket No. 17-8, pp. 2-9.

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented

[5] This statement appears to refer to the ground for relief asserted in Petitoner's direct appeal. See Court Docket No. 17-5, p. 4. Respondent points out that these matters are not issues that could be pursued in an APCR. See Memorandum in Support of Summary Judgment, p. 3; see also (R.p. 364, at Section II).

on appeal by Appellate Defender Robert M. Pachak, who filed a Johnson[6] petition seeking to be relieved and raising the following issue:

> Whether trial counsel was ineffective in failing to object to the testimony of the victim, Benjamin George, which placed petitioner's character in issue?

See Petition, p. 2 (Court Docket No. 17-9, p. 3).

Petitioner also filed his own pro se Petition in response to the Johnson petition, addressing the following additional issue:

> Trial counsel was ineffective for eliciting testimony of a bad act[] that placed [petitioner's] character into issue.

See Court Docket No. 17-10, p. 4.

On May 22, 2014, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. See Court Docket No. 17-11. The Remittitur was sent down on June 9, 2014. See Court Docket No. 17-12.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

> **Ground One:** Ineffective Assistance of Trial Counsel, in violation of Applicant's Sixth Amendment Rights.
>
> **Supporting Facts[7]:** "[C]ounsel failed to effectively investigate his case", and this failure caused irreparable prejudice that affected the outcome of the proceeding. . . . In other words, and more specifically, "counsel during critical stages of the trial", failed to cross-examine a host of witnesses claiming such failure was a strategic choice of defense. Because it was counsel's defense "that his client was not on the

---

[6] Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders, 386 U.S. at 744.

[7] The Court notes that the attachment to the Petition has the supporting facts for both grounds intertwined. However, for clarification purposes, the undersigned has separated the supporting facts and listed them under the ground which they support (Respondent's memorandum also lists them in this same manner). See Attachment, pp. 4-5 to Court Docket 1.



scene where the crime allegedly took place".

"In addition, Petitioner argued that counsel had totally failed to conduct a reasonable investigation into the 'forensic findings', by State witnesses Jeffrey Scott, Dr. Michael Caplan, and SLED weapon expert Kenneth Whitler."

**Ground Two:** Ineffective Assistance of Counsel, in that counsel violated Petitioner's Sixth Amendment rights.

**Supporting Facts:** "Petitioner was deprived of any effective meaningful appellate review predicated on counsel's failure to object to improper comments during cross-examination of State's witness . . . .

Nor for that matter "did counsel object to the most damning testimony by an alleged victim (i.e. George) concerning and alleging 'prior bad acts' ", where in this testimony, George emphasized to jurors when testifying about the robbery incident. "That robbing and shooting was the norm for the defendant."

.... Petitioner points to the "failure to object" to George's testimony "prior bad acts" allegedly perpetrated by the Petitioner which involved the identical circumstances in which the Petitioner was standing trial for. The State court in denying this issue referred to counsel's testimony during the PCR hearing, .... and held credible counsel's explanation that; "George's testimony was descriptive of Applicant's demeanor as opposed to describing that Petitioner had actually done such a thing before."

See Petition [Court Docket No. 1], pp. 6-7 & Attachment, pp. 4-5.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear



failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Liberally construed, Petitioner contends in Ground One of his Petition that his counsel failed to conduct a proper investigation, specifically with regard to the forensic evidence, and failed to cross-examine at trial three forensic witnesses for the State (Jeffrey Scott, Dr. Michael Caplan, and SLED weapon expert Kenneth Whitler).[8] In Ground Two, Petitioner contends that his counsel was ineffective for failing to object to a specific statement in George's testimony which alleges referenced prior bad acts. These issues were raised by Petitioner in his APCR[9], where he had the burden of proving his allegations. See Wilson v. State of South Carolina, No. 2009-CP-45-0405. See also

---

[8]Petitioner's Ground One is stated in such general and conclusory terms that it is possible he is also attempting to assert other claims beyond those raised in his state court APCR. However, Petitioner has provided no specific allegations to support any claims that were not raised in his state court APCR, and in any event, to the extent that Petitioner intended through his conclusory phrasing of this ground to include additional claims, any such claims have not been properly pursued in state court and would therefore be procedurally barred from consideration by this Court. Further, it is not necessary to proceed with a procedural bar analysis of these *potential* claims, since Petitioner has provided no evidence to support them, nor even set forth specific allegations to identify what they are or to support them. Therefore, any issue(s) beyond what was raised in Petitioner's state court PCR proceeding are without merit and, to the extend even being asserted, are procedurally barred and should be dismissed.

[9]Although Respondent argues that any issues not specifically raised in Petitioner's PCR Johnson appeal are procedurally barred from consideration by this Court, as part of an appeal under Johnson "an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit." Jamison v. State, 765 S.E.2d 123, 128 (S.C. 2014)[Finding a petition filed pursuant to Johnson is the post-conviction relief equivalent of a direct appeal file pursuant to Anders and applying Anders standard to review under Johnson]. Therefore, as the issues of allegedly ineffective assistance of counsel based on counsel's failure to cross-examine the three State witnesses at issue and further investigate the forensic evidence were addressed by the PCR judge in his order, the undersigned does not find the issues raised by Petitioner in Ground One of the Petition are procedurally barred.



Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The South Carolina Supreme Court also denied Petitioner's appeal of his APCR. See Court Docket No. 17-11.

Specifically, the PCR judge found that: 1) Petitioner asserted that his counsel failed to conduct a reasonable investigation and that counsel's failure to cross-examine State's witness Jeffrey Scott, Dr. Michael Caplan, and SLED weapons expert Kenneth Whitler was evidence of his counsel's failure to properly investigate; 2) trial counsel testified that he met with Petitioner on several occasions, discussed the case with Petitioner's family, and visited the nightclub where the crime occurred; 2) Petitioner informed his counsel of his alibi and his counsel contacted those witnesses; 3) counsel subpoenaed medical records and prepared Petitioner on the minutiae of the conduct of a trial; 4) counsel explained that he did not cross-examine the cited witnesses because the defense theory was to concede that the victims had been shot, but Petitioner was not there; 5) therefore, the key witnesses who the defense needed to undermine were Benjamin George (a victim) and Lionel Thompson (one of Petitioner's co-defendants), and counsel conducted cross-examination of both; 6) counsel also added that he did not see any benefit in making a small point that could be shot down on redirect;

7) trial counsel's testimony was credible; 8) counsel's investigation was within reasonable professional norms; 9) counsel offered a reasonable strategy in refraining from cross-examination of certain witnesses; 10) moreover, Petitioner failed to produce any evidence that any additional investigation could have yielded; 11) Petitioner also contended that counsel should have asked the coroner whether there were defensive wounds on the victim's body; 12) however, as noted above, Petitioner did not show that counsel's failure to cross-examine was unreasonable because Petitioner's defense was that he was not even present; 13) further, Petitioner did not show what



counsel should have asked George about medical records, which did not mention the bullet still lodged in his body; 14) as no records were introduced and it is unknown what response George may have had, Petitioner failed to demonstrate that counsel was ineffective in this regard;

15) during his testimony on direct, victim George testified as follows: "Well, you know, [Petitioner]. He was playing his rough role. He's done it like he's done it before."; 16) Petitioner asserted counsel should have objected to this testimony as inadmissible evidence of prior bad acts; 17) counsel testified as to his reasons for not objecting; 18) counsel noted that he did not believe George's comment referred to any specific prior bad act; 19) rather, counsel interpreted the comment to be descriptive of Petitioner's demeanor - that he was acting roughly and confidently like he had done something like this before, not that he had actually done such a thing before; 20) counsel believed the jury would interpret the statement the same way; 21) counsel further noted that the statement was a mere ten words and would have little if any impact in passing so quickly; while an objection on the basis of prior bad act would have called attention to the comment and made the jury wonder if Petitioner had indeed committed a similar violent act before; 22) counsel's interpretation of the comment was entirely reasonable; 23) as such, counsel offered a reasonable explanation for his failure to object on the basis of prior bad act; where the comment did not appear to be actually referring to any prior conduct and any amplification of the comment may have had such an effect, counsel's conduct was reasonable; 24) any failure to object did not affect the outcome of the trial; 25) no other allegations were raised at the PCR hearing; and 26) therefore, any additional allegations were waived because no evidence was presented. (R.pp. 400-404).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord



state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence



presented in the State court proceeding"]. As noted by the Supreme Court, the

> AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572 U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___, 133 S.Ct. 1781, 1786 (2013)). We have explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." White, 572 U.S., at ___, 134 S.Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Id., at ___, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86 (2011).
>
> Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." Woodford v. Visciotti, 537 U.S. 19, 24(2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, ___, 131 S.Ct. 1388, 1403 (2011)).

Woods v. Donald, 135 S.Ct. 1372, 1376 (2015). Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the



objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith v. State of N.C., 528 F.2d 807, 809 (1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

At the PCR hearing, Petitioner testified that his counsel was ineffective regarding a prior bad act issue(s), the investigation of the ballistics, and the evidence that was used against him. (R.p. 371). Specifically, Petitioner contends that his counsel was ineffective for failing to cross-examine witnesses Scott, Caplan, and Stone. (R.pp. 372-376).[10] Petitioner also testified that his counsel was ineffective for failing to object to the surviving witness George's testimony allegedly about Petitioner's character "when he said that I came in and that I was playing my tough guy role; that I asked like I was used to committing armed robberies and murders and crimes of such nature when I came in, and it was not objected to . . . ." Petitioner testified that this put his "character into jeopardy." (R.p. 376). However, Petitioner also testified that he gave the names of his alibi witnesses to his trial counsel, and admitted that was his primary defense. (R.p. 379). Further, although Petitioner's alibi witnesses at trial testified otherwise, Petitioner conceded that one of the victims as well as one of his co-defendants both testified as eye-witnesses and implicated him in the crimes.

---

[10]Petitioner also mentioned a witness Witt in his PCR testimony, but this witness is not referenced in the habeas Petition.

(R.p. 380).

For his part, Petitioner's trial counsel testified that in preparation for trial he spoke with Petitioner, Petitioner's family, subpoenaed medical records, talked to Petitioner's alibi witnesses, who testified at trial that Petitioner was with them at a cookout at the time of the crime, and attempted to negotiate a plea with the State. (R.pp. 382-385, 387, 389). Petitioner's counsel testified that the State would not offer a deal, because they had a strong case against the Petitioner including one of the victim's testimony and testimony from one of Petitioner's co-defendants. (R.p. 387). Trial counsel testified that he did not cross-examine the crime scene investigator or the doctor because the defense theory was that Petitioner was never there and therefore it did not matter to Petitioner's defense how the victims were shot, because (according to the defense theory of the case) Petitioner was not the one who shot them and was not even there. (R.p. 386). With regard to counsel not objecting to George's statement about Petitioner being rough, trial counsel testified that it was ten words and he made a strategic decision not to object. (R.p. 393). Counsel further testified that if he had objected, that it would have drawn attention to the statement and made the jury think that it was important and that there was something to it. (R.pp. 393-394). Counsel also believed that if the jury took the view that Petitioner did commit the crimes at issue, that this testimony was to the effect that he was acting rough when he did, which counsel did not see as detrimental since whoever did shoot the victims shot them in the head or chest many times. (R.pp. 394-395).

As previously discussed, the PCR judge found that Petitioner's trial counsel was credible, his investigation was within reasonable professional norms, and that counsel offered reasonable strategy in refraining from cross-examination of certain witnesses. The PCR judge also found that Petitioner failed to produce any evidence of what additional investigation could have



yielded, and did not show what it was that counsel should have asked George about medical records, which did not mention the bullet still lodged in his body. The PCR judge pointed out that no records were introduced and that it was unknown what response George may have had to any such questions. The PCR court also found that counsel's interpretation of George's comment was entirely reasonable and that counsel offered a reasonable explanation for his failure to object on the basis of prior bad act; where the comment did not appear to be actually referring to any prior conduct and where any amplification of the comment may have had such an effect. Finally, the PCR court found that any failure to object did not affect the outcome of the trial. (R.pp. 400-404).

Although Petitioner disagrees with his trial counsel's strategy with the benefit of hindsight, the strategy used by Petitioner's trial counsel gave the jury a way to believe Petitioner's version of the story and to not draw attention to the details of the shootings or the ten words referencing how Petitioner was supposedly acting rough. Further, and in addition to the alibi testimony presented, Petitioner's counsel cross-examined the victim and co-defendant who testified, since their testimony conflicted with Petitioner's defense theory, to draw out inconsistencies as well as their drug and alcohol use on the evening in question. (R.pp. 53-58, 105-138). However, the jury simply did not accept the Petitioner's version of events, and Petitioner has not shown how any further investigation, cross-examination of the three State witnesses at issue, or objecting to George's testimony about Petitioner acting rough would have resulted in a different outcome in this case. cf. Moorehead v. State, 496 S.E.2d 415, 417 (S.C. 1998)[no prejudice shown where claim of failure to investigate is supported only be mere speculation as to the result]; Porter v. State, 629 S.E.2d 353, 358 (S.C. 2006)[Mere speculation of what a witness' testimony might have been is insufficient to satisfy the burden of showing prejudice].



Although Petitioner speculates that if counsel had cross-examined these three State witnesses and had objected to George's testimony about how he was allegedly acting, that would have affected the outcome of the case, this unsubstantiated offering is insufficient to show his counsel was ineffective. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene v. Fisher, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because [its purpose] is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems', and not as a means of error correction"]. These claims should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 18, 2015
Charleston, South Carolina



p15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

