IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glen Wilson, #319978,<br><br>                    Petitioner,<br><br>    v.<br><br>Warden Robert M. Stevenson, III,<br><br>                    Respondent. | Civil Action No.: 9:15-1213-BHH<br><br>**OPINION AND ORDER** |

Petitioner Glen Wilson, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report"). Judge Marchant recommends that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed, *with prejudice*. (ECF No. 23.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent on March 11, 2015,[1] alleging ineffective assistance of counsel. On September 18, 2015, the Magistrate Judge issued a Report; and on October 13, 2015, Petitioner filed his Objections. (ECF No. 25.) The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

---

[1] Because the delivery date to the BRCI (Broad River Correctional Institution) mailroom does not appear on the envelope, Petitioner has been given filing credit based on the date that appears on the petition. (ECF No.1 at 14.) *See Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge provided a detailed account of the state court's treatment of Petitioner's claims and correctly concluded that the findings of the state court were reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 23.) Most of Petitioner's objections generally consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. And, Petitioner's remaining objections are so lacking in merit as not to warrant discussion.

There being no objection that directs the Court to a specific error in the Magistrate's proposed findings and recommendations, the Court is tasked only with review of his conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 18) is GRANTED and Petitioner's § 2254 petition is DISMISSED without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the

legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 13, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

-4-